07 C 6963

JUDGE BUCKLO
MAGISTRATE JUDGE COX

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| SAMUEL A SCHWARTZ, | |
| Plaintiff, | Case No. _____ |
| v. | **VERIFIED COMPLAINT** |
| ABN AMRO MORTGAGE GROUP, INC., and CITIMORTGAGE, INC. | **JURY TRIAL REQUESTED** |
| Defendants. | |

07CH83681

## VERIFIED COMPLAINT

The Plaintiff, SAMUEL A. SCHWARTZ, individually, by and through his undersigned counsel, files his Complaint against Defendants ABN AMRO MORTGAGE GROUP, INC. and CITIMORTGAGE, INC., and states:

### THE PARTIES

1.      At all times herein, Plaintiff, SAMUEL A. SCHWARTZ, was and is a citizen of the United States of America, and current resident of Las Vegas, Nevada.

2.      Defendant, ABN AMRO MORTGAGE GROUP, INC. ("ABN"), is a Delaware corporation doing business in Illinois. At all times relevant hereto, ABN, through its employees, agents and assigns, engaged in the business of providing mortgage loans to buyers of real property in the State of Illinois, including Cook County, and its activities complained of herein occurred, in whole or in part, in Cook County, Illinois.

pg. 1

3.      Upon information and belief, Defendant, CitiMortgage, Inc. ("CITI", CITI and ABN shall hereinafter be collectively referred to as "Defendants"), is a division or member of Citigroup, Inc., a New York corporation, doing business in Illinois, and CITI is headquartered in St. Louis, Missouri.   At all times relevant hereto, CITI, through its employees, agents and assigns, engaged in the business of providing mortgage loans to buyers of real property in the State of Illinois, including Cook County, and its activities complained of herein occurred, in whole or in part, in Cook County, Illinois.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper under 735 ILCS § 5/2-209 because Defendants transact business, maintain their headquarters, engage in actionable conduct, and/or reside in the State of Illinois.

5.      Venue is proper under 735 ILCS § 5/2-101 because a substantial part of the wrongful conduct out of which Plaintiff's claims arose occurred in Cook County.

## GENERAL ALLEGATIONS

6.      The Plaintiff owns a condominium in Cook County, Illinois, and resides in the State of Nevada.

7.      Upon information and belief, Defendant ABN provided the mortgage, note and loan at issue in this matter through one of its agents, RBC Mortgage, Co. ("RBC").[1]

8.      On or about December 27, 2002, the Plaintiff closed on the purchase of real property located at 600 North Kingsbury, Unit 1705, Chicago, Illinois (the "Property"), and

---

[1]     RBC was acquired by New Century Financial Corporation in 2005 ("NCFC"), however, on or about April 2, 2007, NCFC filed for protection under chapter 11 of the United States Bankruptcy Code.  Due to the Bankruptcy filing of NCFC, the successor to RBC, NCFC has not been named as a defendant herein.

simultaneously entered into a loan with Defendant in the form of a promissory note and mortgage.

9.      As part of this consumer credit transaction, ABN retained a security interest in the Property.

10.     On or about December 27, 2002, the loan from ABN closed, however, Plaintiff was unaware of a number of discrepancies within the loan documents.

11.     Plaintiff was not provided with a commitment letter or contract from RBC disclosing the cost of the loan from ABN.

12.     Plaintiff was not under contract with either ABN or CITI and only executed a loan application through RBC in connection with Plaintiff's purchase of the Property.

13.     Pursuant to RBC's relationship with ABN, RBC was paid a yield spread premium ("YSP") which increased the interest rate from the par rate Plaintiff should have received. Plaintiff was not provided with any information from either RBC or ABN disclosing the impact of the YSP.

14.     RBC was also paid at the closing of the purchase of the Property a fee of $5,811.25, which was not properly disclosed to the Plaintiff.

15.     RBC, as ABN's agent, and pursuant to the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), had an obligation to Plaintiff to disclose all material facts concerning the transaction that might affect the Plaintiff's decision whether to accept the loan.

16.     Pursuant to TILA and RESPA, RBC and ABN were required to provide the Plaintiff will certain mandated documentation and material disclosures, before and after the transaction, none of which was properly completed.

17.     Plaintiff relied upon ABN, through its agent RBC, to provide the best structure for the transaction.

18.     On or about August, 2007, ABN sold the loan documents securing its interests in the Property to CITI.

19.     CITI is the successor in interest to all of ABN's rights and interests in the Property.

20.     As a result of nearly 5 years of monthly payments, Defendants have established a pattern and practice of defrauding Plaintiff in that, during the life of the loan, Defendants have not correctly credited payments or calculated interest properly due to the undisclosed YSP.

21.     Defendants knew or should have known that the Plaintiff's account and loan documents were not accurate, but that absent disclosure, Plaintiff would continue to make further payments based on the underlying documents.     As a result, to date, Plaintiff has paid approximately $118,065.97 in interest, which continues to accrue daily.

22.     As of the date hereof, Plaintiff has paid more than $8,500 in excess interest.

23.     As of the date hereof, Plaintiff has lost more than $14,000 of equity in the Property due to Defendants' overcharges.

## COUNT I – QUASI CONTRACT

The Plaintiff, SAMUEL A. SCHWARTZ, for Count 1 of his Complaint states:

24.     Plaintiff restates, realleges, and incorporates by reference all of the allegations contained in paragraphs 1 through 23 above as if fully set forth in this Count I.

25.     Pursuant to RESPA, 12 U.S.C. § 1601, *et seq.*, ABN, and CITI as ABN's successor in interest, owed certain fiduciary duties to Plaintiff.

26.    At all times relevant hereto, Plaintiff was a person within the meaning of 12 U.S.C, § 2602(5).

27.    RESPA prohibits kickbacks and unearned fees.  Defendants individually and/or jointly, by and through their employees, agents and/or assigns, violated RESPA Section 2607, as set forth in paragraphs 12 through 19 above.  Specifically, Defendants:

   a.    Failed to disclose to Plaintiff that a portion of YSP paid pursuant to the loan would be paid to RBC; and

   b.    Failed to provide Plaintiff with timely notice of the actual fees and premiums to be charged so as to allow Plaintiff to search for less costly alternatives, in violation of 12 U.S.C. 2603 and relevant federal regulations.

28.    As a direct and proximate result of Defendants' RESPA violations, as alleged above, Plaintiff has suffered damages in the form of lost equity and the improper payment of excessive interest and finance charges.

29.    The Defendants have also engaged in a pattern of unfair practices in violation of TILA, 15 USC § 1601 et seq., 15 USC § 1635(a), (b) and (g), in that the Plaintiff was not provided with accurate TILA disclosures.

30.    Material Disclosures were not made by Defendants as required by Regulation Z at 12 CFR §§ 226.17 and 226.18.

31.    By reason of the relationship of the parties and the existence of an obligation by Defendants to Plaintiff to disclose all material facts related to the loan documents, a quasi contract arose between the parties.

32.    A quasi contract arose in this matter because absent one, there would be no way to enforce Defendants' legal duties pursuant to RESPA and TILA to the Plaintiff, and absent the

finding that a quasi contract existed in this matter, Defendants would be unjustly enriched at the Plaintiff's continued expense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against the Defendants as follows:

a.    Awarding Plaintiff compensatory damages in an amount equal to three times the amount of all improper payments referenced above as well as the Plaintiff's lost equity, the costs of suit and attorneys' fees, as well as any and all other relief the Court deems just and appropriate.

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

The Plaintiff, SAMUEL A. SCHWARTZ, individually, for Count II of his Complaint restates, realleges, and incorporates by reference all of the allegations contained in paragraphs 1 through 32 above as if fully set forth in this Count II.

33.    This Count is brought pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1, *et seq.*

34.    At all times relevant hereto, Plaintiff and Defendants were persons within the meaning of 815 ILCS § 505/1(c).

35.    At all times relevant hereto, Plaintiff was a consumer within the meaning of 815 ILCS § 505/1(e).

36.    At all times material hereto, Defendant conducted trade and commerce within the meaning of 815 ILCS § 505/1(f).

37.    The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1 *et seq.*, provides in pertinent part:

pg. 6

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practices described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 6, 1965, in conduct of any trade or commerce are hereby declared unlawful, whether any person has in fact been mislead, deceived, or damaged thereby.

38.    Beginning with the first date that Defendants began accepting payments from the Plaintiff and continuing through the present, Defendants individually and/or jointly, by and through their employees, agents and/or assigns, engaged in misrepresentations, unlawful schemes and courses of conduct that induced the Plaintiff to pay excessive amounts of interest and finance charges through one or more of the following unfair and/or deceptive acts and/or practices:

a.    Failed to disclose to Plaintiff that a YSP was being charged to compensate RBC, including the amount thereof;

b.    Paid an undisclosed fee to RBC in connection with the financing of the loan; and/or

c.    Failed to provide Plaintiff with timely notice of the actual fees and premiums to be charged so as to allow Plaintiff to search for an alternative, less costly loan option.

39.    The facts which Defendant misrepresented and/or concealed, as alleged in the preceding paragraphs, were material to Plaintiff's decision about whether to accept the Defendants' loan offer and Plaintiff would not have accepted the Defendants' loan, but for Defendant' unfair and/or deceptive acts and/or practices.

40.    The misrepresentations, deception and/or unfair conduct alleged in this Complaint occurred in connection with Defendants' conduct of trade and commerce in the State of Illinois.

41.    Defendants intended for Plaintiff to accept the loan in reliance upon Defendants' unfair and/or deceptive acts and/or practices, and Defendants' unfair and/or deceptive acts and/or practices were committed with willful and wanton disregard for the rights of the Plaintiff.

42.    Defendant's unfair and/or deceptive acts and/or practices violated RESPA, TILA and state and federal regulations, thus constituting violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, and the Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2.

43.    As a direct and proximate result of Defendants' unfair and/or deceptive acts and/or practices, Plaintiff did not receive the benefit of his bargain with the Defendants in that Plaintiff paid an amount in excess of the fair market value for loan provided.

44.    As a direct and proximate result of Defendants' violations of the Illinois Consumer Fraud Act, as alleged above, Plaintiff has suffered damages in the amount of the improper fees and interest paid to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants as follows:

a.    Awarding Plaintiff compensatory damages, treble damages, costs of this suit and attorneys' fees, as well as any other relief the Court deems just and proper.

## COUNT III - UNJUST ENRICHMENT

The Plaintiff, SAMUEL A. SCHWARTZ, individually, for Count III of his Complaint states:

pg. 8

45.    Plaintiff restates, realleges, and incorporates by reference all of the allegations contained in paragraphs 1 through 44 as if fully set out herein, and herein pleads this Count III in the alternative to Counts I through II.

46.    As stated with more particularity above, Defendants embarked on and carried out a scheme of illegally charging Plaintiff an undisclosed financing fee and excessive interest.

47.    Defendants' practices resulted in Plaintiff paying more than the fair market value of the loan provided.

48.    The monies paid by Plaintiff conferred substantial benefits upon the Defendants. Defendants knew, or should have known, the benefits conferred upon them by Plaintiff, which, in justice and fairness, should be refunded and returned to Plaintiff in an amount to be proven at trial and more than $20,000.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants as follows:

a.    Awarding Plaintiff compensatory damages, treble damages, costs of suit and attorneys' fees, as well as any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff, SAMUEL A. SCHWARTZ, hereby demands a trial by jury.

**RIGHT TO AMEND**

49.    Plaintiff reserves the right to amend this Complaint, asserting other facts and causes of action after further investigation and discovery.

50.    The Plaintiff declares under the penalties of perjury that the foregoing is true and correct.

DATED this 16th day of November 2007

By: _____
Samuel A. Schwartz, Esq.
Pro Se Litigant
Attorney No. 6243843
3960 Howard Hughes Parkway
Suite 500
Las Vegas, NV 89109
Telephone: 702.990.3962
Facsimile: 702.866.9774

**VERIFICATION**

Notary:

I certify that I know or have satisfactory evidence that Samuel A. Schwartz is the person(s) who appeared before me, and said persons acknowledged that they signed this instrument and acknowledged it to be their free and voluntary act for the uses and purposes mentioned in the instrument.

_____
Notary
Katia Zoffe

My commission Expires
October 30, 2010

```
KATIA IOFFE
NOTARY PUBLIC
STATE OF NEVADA
CLARK COUNTY
APPT. No. 00-59852-1
MY APPT. EXPIRES OCT. 30, 2010
```

pg. 10