**07 C 6963**

**JUDGE BUCKLO**
**MAGISTRATE JUDGE COX**

# EXHIBIT B

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1988 WL 130010 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

Page 1

Mid America Title Co. v. Chicago Title Ins.
N.D.Ill.,1988.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
MID AMERICA TITLE COMPANY, a corporation, and Lee J. Suter and Nina J. Suter, individuals, Plaintiffs,
v.
CHICAGO TITLE INSURANCE COMPANY, Maf Title Services, Inc. and Mid America Federal Savings and Loan, Defendants.
No. 88 C 5864.

Nov. 22, 1988.

MEMORANDUM ORDER
PRENTICE H. MARSHALL, District Judge.
*1 Plaintiffs Mid America Title Company ("Mid America") and Lee and Nina Suter have sued defendants Chicago Title Insurance Company ("Chicago Title"), Mid America Federal Savings and Loan ("MAF S & L"), and Mid America Federal Title Services, Inc. ("MAF Title") for alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stats., Ch. 121 1/2 , paras. 261 et seq., and the Illinois Deceptive Trade Practices Act, Ill.Rev.Stats., Ch. 121 1/2 , paras. 311-17. Defendants removed the action to this court from the Circuit Court of Lake County, Illinois. Plaintiffs now seek an order remanding the case to the state court.

Chicago Title provides title insurance. MAF S & L is a federally chartered savings and loan association. MAF Title is a subsidiary of MAF S & L and an agent of Chicago Title for the purpose of issuing title insurance.

Plaintiffs' complaint describes what they allege is an unlawful referral and kickback relationship between the defendants. Although the complaint prays for judgment and relief pursuant to the Illinois statutes only, it also alleges violations of federal law, specifically the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Furthermore, the plaintiffs have relied upon the federal violations to establish the state law violations. For example, Count 1 sets forth several provisions of RESPA and concludes:

That the aforedescribed conduct of the defendants is in violation of the Real Estate Settlement Procedures Act and *therefore* constitutes unfair and deceptive business practices and is a violation of Paragraph 262 of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat. Chapter 121 1/2 , paragraphs 261 et seq.

Complaint ¶ 32 (emphasis added). The remaining counts are similarly styled.

Defendants argue that, because plaintiffs have drafted their pleadings such that each claim depends upon the application of federal law, federal question jurisdiction exists and remand is inappropriate. We agree.

As a general rule, a plaintiff is the master of his claim, and where both state law and federal causes of action are available the plaintiff may confine his action to state law and foreclose removal. *See Vitarroz Corp. v. Borden, Inc.,* 644 F.2d 960, 964 (2d Cir.1981). If, however, the plaintiff's complaint establishes that the claim "necessarily depends on resolution of a substantial question of federal law," then the action "arises under" federal law, original jurisdiction exists, and removal is available. *See Franchise Tax Bd. v. Const. Laborers Vac. Trust,* 463 U.S. 1, 7-8, 27-28 (1982).

As plaintiffs have pleaded their case, application of RESPA and the FTCA are necessary elements of their state law claim. Plaintiffs have chosen to establish state law violations by showing that the challenged acts violate federal law. Although its reasons for taking this approach are unclear[FN1], it is not our function to second-guess a party's draft-

Case 1:07-cv-06963   Document 1-3   Filed 12/11/2007   Page 3 of 3

Not Reported in F.Supp.                                                                                                                       Page 2
Not Reported in F.Supp., 1988 WL 130010 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

ing strategies. As the complaint is written now, a federal question is an essential element of plaintiffs' claims and therefore federal jurisdiction exists. Plaintiffs' motion to remand is denied.

*2 Although this disposition makes it unnecessary to address defendants' preemption argument, we nonetheless note our disagreement with it.

Defendants argue as an alternative basis for removal jurisdiction that, because Mid America Federal Savings and Loan is chartered under the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.*, the state law provisions relied upon by plaintiffs are preempted by federal law. Defendants refer us to regulations by the Federal Home Loan Bank Board, specifically §§ 545.74(b) and (c)(5)(ii), which provide:

Pursuant to 12 U.S.C. 1464(c)(4)(B), a Federal association may invest in service corporations organized under the laws of the state ... in which the association's home office is located....

12 C.F.R. Ch. V, § 545.74(b) (1988).

*Permitted activities...* (ii) Insurance brokerage or agency for ... title insurance....

*Id.* at § 545.74(c)(5)(ii).

Preemption by federal law is normally treated as only a defense to a state law claim which, under the "well pleaded complaint rule," is insufficient to impart removal jurisdiction. *See Kerr-McGee Chemical Corporation v. Illinois,* 459 U.S. 1049 (1982) (Blackmun, J.) *denying cert. to* 677 F.2d 571 (7th Cir.1982). Only when the preemptive force of the federal statute is "so powerful as to displace entirely any state cause of action" will this provide a basis for removal jurisdiction. C. Wright & A. Miller, Federal Practice and Procedure § 3566 at 105 (1984) (quoting *Franchise Tax Bd. v. Const. Laborers Vac. Trust,* 463 U.S. 1 (1982)).

We are not persuaded that the preemptive effect of HOLA is of this magnitude, at least not in the present context. The regulations relied upon by defendants do no more than authorize investment in service organizations providing title insurance. We cannot conclude from this that Congress intended for such organizations to operate wholly exempt from the trade laws governing their competitors simply because they happen to be financed by a savings and loan. We note that the regulations cited by defendants are silent with regard to the operation of the authorized organizations.

Defendants rely primarily upon *Bailey v. First Federal Savings & Loan Ass'n of Ottawa,* 467 F.Supp. 1139 (C.D.Ill.1979), and *Rettig v. Arlington Heights Federal Savings & Loan Ass'n,* 405 F.Supp. 819 (N.D.Ill.1975), as support for their preemption argument. These decisions are no longer valid in this circuit as support for removal jurisdiction based on a preemption. *See People of State of Ill. v. Kerr-McGee Chem. Corp.,* 677 F.2d 571, 577 & n. 10 (1982)*cert. denied,*459 U.S. 1049 (1982).

For these reasons we reject defendants argument that removal jurisdiction is appropriate due to preemption by federal law.

ORDER:

Plaintiffs' motion to remand is denied. Cause held for trial as scheduled.

> FN1. There is no indication in the Illinois Consumer Fraud and Deceptive Business Practices Act or the Illinois Deceptive Trade Practices Act that violations of RESPA and the FTCA are prerequisites to liability or per se violations, nor has either party suggested that this is the case.

N.D.Ill.,1988.
Mid America Title Co. v. Chicago Title Ins.
Not Reported in F.Supp., 1988 WL 130010 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.