IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

SAMUEL A. SCHWARTZ,

Plaintiff,

v.                                                          No. 07 CV 6963

ABN AMRO MORTGAGE GROUP, INC.
and CITIMORTGAGE, INC.,

Defendants.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

I.    **INTRODUCTION**

On December 27, 2002, Plaintiff Schwartz entered into a five-year adjustable rate mortgage loan with ABN AMRO Mortgage Group, Inc. ("AAMG")[1] for the purchase of a condominium at 600 North Kingsbury, Chicago, Illinois.  Schwartz enjoyed a low interest rate during the initial five years of this mortgage loan without comment.  Then, with the prospect of an increasing interest rate, Schwartz, an attorney[2], filed this case claiming that he was deceived when he entered into the mortgage five years ago, because he did not know a yield spread or deferred-premium ("YSP") had been paid to his broker.  Schwartz claims that the non-disclosure of the payment of the YSP violates the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA").  Plaintiff makes no claims under these statutes because these

---

[1] Plaintiff also names Citimortgage, Inc. as a defendant but does not allege any independent conduct against it;  Citimortage, Inc. is apparently named in its capacity as successor to AAMG.  This motion is also brought on Citimortgage, Inc.'s behalf.

[2] Plaintiff, a pro se litigant, is an attorney licensed to practice law in the State of Illinois, and at the time of the transaction, was an attorney at the law firm of Kirkland & Ellis, LLP.  Certainly, plaintiff is not entitled to any deference that might be extended a traditional pro se litigant.

claims are plainly time-barred.[3]   Rather, Schwartz attempts to bootstrap these alleged statutory violations into state law claims for (1) quasi-contract, (2) violation of the Illinois Consumer Fraud Act ("ICFA" or "Consumer Fraud Act"), and (3) unjust enrichment.   Plaintiff cannot rely on baseless time-barred claims alleging violations of RESPA and TILA to support state law claims, and the Complaint fails to state a claim for the following reasons:

- The HUD-1 Settlement Statement demonstrates that the YSP payment was fully disclosed, thereby undermining all three claims, which are solely dependent on alleged non-disclosure;

- The ICFA claim is barred by the statute of limitations;

- Counts I and III for quasi-contract and unjust enrichment, both quasi-contractual remedies, cannot lie in the face of a written contract; and

- The Complaint in its entirety is preempted by the National Bank Act and its implementing regulations.

## II.    **STANDARD**

A motion to dismiss tests the legal sufficiency of a complaint.   *See* Fed. R. Civ. P. 12(b)(6); *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995); *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993).   Although district courts are required to accept allegations in a complaint and the reasonable inferences therefrom as true for purposes of a motion to dismiss, they are not required to accept bald assertions, unsupported conclusions, or inconsistent

---

[3] Schwartz acknowledges that his loan closed on December 27, 2002.  The statute of limitations for violations of RESPA and TILA is one year.   *See* 12 U.S.C. § 2607; *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356 (5th Cir. 2003) (RESPA claim under § 2607 accrues on the date of the closing); 15 U.S.C. § 1640(e); *Jenkins v. Mercantile Mort. Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002) (TILA claim accrues on the date of the closing).   Further, the three-year public enforcement period in 12 U.S.C. § 2614 has been held to serve as a statute of repose not subject to tolling.   *See Pedraza v. United Guar. Corp.*, 114 F. Supp. 2d 1347, 1354 (S.D. Ga. 2001).   A similar three-year period is also contained in 15 U.S.C. §1640(e), which based on the reasoning in *Pedraza*, should similarly be construed as a statute of repose.   *See Pedraza*, 114 F. Supp. 2d at 1354.

statements. *Palda*, 47 F.3d at 875. A district court is not required to ignore facts alleged in a complaint that undermine the plaintiff's claim. *Arazie*, 2 F.3d at 1465.

District courts are free to consider the contents of documents attached to, or referenced and relied on in, a complaint.[4] Fed. R. Civ. P. 10(c); *Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 922 (N.D. Ill. 1999). Such documents control over any inconsistent allegations in the complaint. *Berbas v. Bd. of Ed. of the City of Chicago*, No. 00-C-2734, 2000 WL 875728, at *4 (N.D. Ill. June 28, 2000) ("When ... an exhibit [attached to a complaint] contradicts an assertion in the complaint and reveals information which prohibits recovery as a matter of law, the information provided in the exhibit trumps the assertion in the complaint.") (internal quotations and citations omitted). Otherwise, "the plaintiff could evade dismissal under 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Finally, while the running of a limitations period is an affirmative defense, it is an appropriate ground for dismissal under 12(b)(6) when the complaint shows that a claim is time-barred. "If a plaintiff pleads facts that show its suit [is] barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." *See also Kincheloe v. Farmer*, 214 F.2d 604, 605 (7th Cir. 1954) ("[I]t would be illogical and futile to think that the defendant was required to plead as an affirmative defense that which plaintiff alleged in his complaint ....").

---

[4] Here, Schwartz refers to disclosures which he acknowledges to have signed at the loan closing, but which he contends failed to disclose the payment of a YSP to his mortgage broker, RBC. (Compl. ¶¶ 9-16.) The Settlement Statement for Schwartz's loan belies his claim that the payment of a YSP was not disclosed.

III.    **ARGUMENT**

    A.    **Plaintiff's Loan Documents, Referenced in, But Not Attached To, the Complaint, Prevent Plaintiff From Stating Any Cause of Action.**

        The basis for Plaintiff's three causes of action is an alleged failure to disclose the payment of a YSP to his mortgage broker, RBC.  (Compl. at ¶¶ 27, 38, 45.)    The loan documents, however, which control over inconsistent allegations in the Complaint, rebut this misstatement.

        On December 27, 2002, Plaintiff reviewed[5] and signed a HUD-1 Settlement Statement. (A true and correct copy of the HUD-1 Settlement Statement is attached hereto as Exhibit A). Line 809 of the HUD-1 Settlement Statement accurately and conspicuously discloses the payment of a YSP:

        **Deferred Premium [paid] by ABN to RBC Mtg. Co. (5,811.25).**

(Ex. A (emphasis added).)  Schwartz's signed HUD-1 Settlement Statement establishes that the payment of a YSP was disclosed more than five years ago.

        The disclosure of the YSP is fatal to Schwartz's claims.  All three causes of action are wholly dependent upon allegations that the YSP was not disclosed.  *See* Compl. at ¶¶ 27, 38, 45. The HUD-1 Settlement Statement controls over those incorrect and inconsistent allegations. Therefore, the Court should reject each allegation of non-disclosure in the Complaint.  *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).  Schwartz's allegations of non-disclosure are false, and

---

[5] The attestation above Plaintiff's signature on the Settlement Statement states as follows: "I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and Disbursements made on my account or by me in this transaction.  I further certify that I have received a copy of the HUD-1 Settlement Statement."

the Complaint must be dismissed in its entirety with prejudice. In addition, AAMG asks that it be awarded its fees and costs associated with defense of this baseless Complaint.

**B.    Schwartz Fails to State a Claim for Violation of the Consumer Fraud Act.**

Even if the YSP had not been disclosed to Schwartz his claim would still fail because it is barred by the statute of limitations. Moreover, the ICFA yields in the face of compliance with federal statutes.

**1.    Schwartz's claim is barred by the statute of limitations.**

Private claims under the Consumer Fraud Act are subject to a three (3) year statute of limitation. *See* 815 ILCS 505/10a(e) ("Any action for damages under this Section shall be forever barred unless commenced within 3 years after the cause of action accrued."). A violation of either RESPA or TILA, the underlying basis of Plaintiff's CFA claim, accrues as of the date of the loan closing. *Snow*, 332 F.3d at 356; *Jenkins*, 231 F. Supp. 2d at 745. More than three years have passed from the date that Schwartz executed the HUD-1 Settlement Statement, and became aware of the payment of a YSP. Count II alleging a violation of the Consumer Fraud Act is therefore barred by the statute of limitations.

**2.    The Consumer Fraud Act claim yields in the face of compliance with RESPA and TILA.**

It cannot reasonably be disputed that the payment of a YSP was disclosed to Schwartz. Nor can Schwartz dispute that the disclosure of a YSP on a signed HUD-1 Settlement Statement evidences compliance with the disclosure requirements under RESPA or TILA. *See Thomas v. Ocwen Federal Bank, FSB*, No. 01 4249, 2002 WL 99737, at * 4 (N.D. Ill. Jan. 25, 2002) ("[T]he HUD-1 Settlement Statement … belies [plaintiff's] allegations that she was unaware of the yield spread premium and that the Defendants' concealed its existence from her."); *Parker v. Long Beach Mortgage Co.*, No. 06-2002, 2008 WL 53276, at * 5 (E.D. Pa. Jan. 3, 2008) (holding

that where YSP was properly disclosed on a HUD-1 Settlement Statement, it need not be disclosed as a finance charge on a TILA Disclosure Statement).

AAMG's compliance with RESPA and TILA serves as an absolute defense to Schwartz's CFA claim. The CFA provides that: "[n]othing in this Act shall apply to … [a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States. 815 ILCS 505/10b. The disclosure of the YSP complies with both RESPA's and TILA's disclosure requirements. The disclosure requirements of the Consumer Fraud Act are coextensive with those imposed by federal law. *Lanier v. Assoc. Fin., Inc*., 114 Ill.2d 1, 499 N.E.2d 440, 447 (Ill. 1986) ("the defendant's compliance with the disclosure requirements of the Truth in Lending Act is a defense to liability under the Illinois Consumer Fraud Act"). Therefore, to the extent that the disclosure of the YSP satisfies the disclosure requirements of RESPA or TILA, then the Consumer Fraud Act claim must also fail.

### C.     Counts I and III Alleging Quasi-Contract and Unjust Enrichment Fail to State a Claim

Plaintiff contends that because a YSP was not disclosed, a quasi-contract arose between the parties. (Compl. Ct. I, at ¶¶ 24-32). At Count III, Plaintiff alleges that AAMG carried out a "scheme" to charge him undisclosed financing fees, resulting in a higher loan amount. These claims are deficient because: (1) the undisputed disclosure of the YSP belies the claims supporting Counts I and III; (2) the existence of a contract, i.e. the mortgage, bars Plaintiff's quasi-contractual claims; and (3) the allegations of a fraudulent "scheme" underlying Count III fail to comply with Federal Rule of Civil Procedure 9(b)[6].

---

[6] This is, of course, in addition to the fact that the claims fail because the YSP was disclosed to Schwartz.

1.      **The existence of a contract between the parties bars quasi-contractual relief.**

Plaintiff acknowledges that he contracted with AAMG.  (Compl. at ¶ 8 (alleging that Plaintiff entered into a loan with AAMG).)  (A true and correct copy of the mortgage is attached hereto as Exhibit B.)   The note and mortgage set forth the interest rate to be paid. Notwithstanding his contractual obligations to AAMG, Plaintiff asserts that AAMG wrongly received benefits in the form of excessive interest payments.

It is well established that a quasi-contractual claim for unjust enrichment cannot be maintained where a valid contract, as here, existed between the parties.  *See e.g., ABF Capital Mgmt. v. Askin Capital Mgmt., L.P.*, 957 F. Supp. 1308, 1333-34 (S.D. N.Y. 1997); *Samuels v. Old Kent Bank,* No. 96 C 6667, 1997 WL 458434, at *14-15 (N.D. Ill., Aug. 1, 1997) (dismissing unjust enrichment count on basis of plaintiff's acknowledgment of the existence of a contract and holding that Rule 8(e)(2) did not permit plaintiff to plead breach of contract and unjust enrichment as alternative legal theories); *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 521 (S.D. Ohio 1995) (alleged express contract precluded plaintiff from pleading alternative claims for unjust enrichment and breach of contract).

Here, Plaintiff admits that he has a contract with AAMG.  As such, Plaintiff cannot recover in quasi-contract and these claims should be dismissed.

2.      **Plaintiff Fails to Plead with Particularity.**

Where a plaintiff's cause of unjust enrichment claim is premised on alleged fraud, the claim must comply with the requirements of Rule 9(b).  *Pace Am., Inc. v. Elixir Indus.*, No. 06 C 4661, 2007 WL 495302, at *2, n.3 (N.D. Ill. Feb. 13, 2007) (Rule 9(b) applied to claims for unjust enrichment that were premised on fraud); *Fishman v. Meinen*, No. 02 C 3433, 2003 WL 444223, at *5 (N.D. Ill. Feb. 24, 2003) ("Where a plaintiff alleges that a group of individuals is

part of a fraudulent scheme, he or she must put each defendant on notice of his or her alleged role.") (internal citation omitted).

Here, Plaintiff alleges that AAMG was unjustly enriched because "Defendants embarked on and carried out a scheme of illegally charging Plaintiff an undisclosed financing fee and excessive interest." Compl. at ¶ 46. Thus, the thrust of Count III is that the Defendants committed fraud or otherwise engaged in some type of fraudulent scheme to deceive Plaintiff as to the extent of fees and interest relating to his mortgage and note. However, the Complaint contains no well-plead factual allegations whatsoever describing the improper conduct of which each of the Defendants are accused and therefore fails to satisfy Rule 9(b). *See Sears*, 912 F.2d at 893. Further, the Court must disregard those allegations of the Complaint contending that the YSP was not disclosed which are inconsistent with the Exhibit A hereto. Having rejecting those poorly-plead and inconsistent allegation, there remains no well-plead allegations in support of a claim for unjust enrichment.

### D. Plaintiff's Claims are Preempted by the National Bank Act

Schwartz's claims, that the payment of a YSP was not disclosed to him, resulting in his payment of a higher interest rate and excessive fees, are preempted by the National Bank Act ("NBA"), 12 U.S.C. § 21, *et seq.* and the implementing regulations of the Office of the Comptroller of the Currency ("OCC").

AAMG was an operating subsidiary of a national bank, LaSalle Bank Midwest National Association during the time in question.[7] As such, AAMG was subject to regulation by the OCC

---

[7] A copy of an OCC report, entitled "National Bank Operating Subsidiaries doing Business with Consumers," is attached hereto as Exhibit C, available at http://www.occ.treas.gov/consumer/Report_FINAL_Sorted_by_Bank%20-%202006_Oct07.pdf. The OCC report, at pages 1 and 3, identifies Citimortgage, Inc. and ABN AMRO Mortgage Group, Inc. as operating subsidiaries, respectively, of Citibank, N.A., and LaSalle Bank Midwest

(cont'd)

to the same extent as its parent corporation. *See Wachovia Bank v. Watters*, 431 F.3d 556, 559-60 (6th Cir. 2005); *Wachovia Bank v. Burke*, 414 F.3d 305, 312 (2d Cir. 2005). To the extent state laws are preempted as to claims against national banks, those claims are also preempted against an operating subsidiary, such as AAMG. *Watters*, 431 F.3d at 559; *Burke*, 414 F.3d at 312.

The NBA and the OCC rules and regulations set forth a comprehensive and exclusive scheme for the regulation of nationally-chartered banks and their wholly-owned operating subsidiaries. This regulation extends to residential mortgage lending activity conducted by a national bank and its subsidiaries and specifically preempts state laws that attempt to regulate mortgage lending by a national bank. *See* 12 C.F.R. § 34.3 ("[e]xcept where made applicable by Federal law, state laws that obstruct, impair, or condition a national bank's ability to fully exercise its Federally authorized real estate lending powers do not apply to national banks.").

Specifically, the OCC has preempted state laws, regardless of how they are labeled, that attempt to regulate, among other substantive areas: loan disclosures, loan origination and the rates of interest:

> Except where made applicable by Federal law, state laws that obstruct, impair, or condition a national bank's ability to fully exercise its Federally authorized real estate lending powers do not apply to national banks. Specifically, a national bank may make real estate loans under 12 U.S.C. 371 and § 34.2, without regard to state law limitations concerning:
>
> ***

_____

(cont'd)
National Association, both national banks. The Court may take judicial notice of such government agency records. *M & Z Cab Corp. v. City of Chicago*, 18 F. Supp. 2d 941, 946 (N.D. Ill. 1998).

(9) Disclosure and advertising, including laws requiring specific statements, information or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents;

(10)   Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages;

*** 

(12)   Rates of interest on loans.

*See* 12 C.F.R. § 34.3(a).

Plaintiff asks the Court to impose state law requirements upon AAMG with respect to the adequacy of loan disclosures, the loan origination process and the rates of interest that may be charged. *See* Compl. at ¶¶ 27 (Count I alleging that a YSP was not disclosed, resulting in the payment of "excessive interest and finance charges"); 38(a)-(c) (Count II alleging that a YSP was not disclosed, resulting in a higher interest rate); 46-47 (Count III alleging undisclosed financing fees and excessive interest; *see also* 12 C.F.R. § 34.3(a)(9)-(10), (12).   Schwartz's state law claims attempt to "obstruct, impair or condition" AAMG's ability to fully exercise its federally-authorized lending powers, and therefore do not apply to national banks and their operating subsidiaries. *See* 12 C.F.R. § 34.4

In determining whether a particular claim is preempted, the Court should begin with a presumption *in favor of* preemption because of the omnipresent regulation of national banks by Congress since 1864.   *See Burke*, 414 F.3d at 314; *Bank of Am. v. City and County of San Francisco*, 309 F.3d 551, 558-59 (9th Cir. 2002).   Moreover, the Court should not look to the label attached to the claim by Plaintiff, but should look instead to the substance of the claim to determine whether it is preempted. *See Austin v. Provident Bank*, No. Civ.A.4:04 CV 33 P B, 2005 WL 1785285, at *6 (N.D. Miss. July 26, 2005); Bank Activities and Operations; Real Estate Lending and Appraisals, 68 Fed. Reg. 46119-02, n. 86.   If the substance of the claim

10

relates to one of the subjects for which the OCC has declared that state law claims are preempted, it makes no difference if the claim arises in contract, tort, or statute. Bank Activities and Operations; Real Estate Lending and Appraisals, 69 Fed. Reg. 1904, 1912, n. 59 (Jan. 13, 2004).   Such state laws "do not apply to national banks."   12 C.F.R. § 34.3.   Therefore, Plaintiff's three count complaint should be dismissed in its entirety on the grounds of federal preemption.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, ABN AMRO Mortgage Group, Inc. and Citimortgage, Inc. respectfully request that the Court grant their motion, dismiss Plaintiff's Complaint in its entirety with prejudice and for any other relief the Court deems just and appropriate.

DATED: January 15, 2008                              Respectfully submitted,

ABN AMRO MORTGAGE GROUP, INC.
AND CITIMORTGAGE, INC.


By:   s/ Jeffrey M. Heftman
                                                             One of Their Attorneys

Diane M. Kehl
Jeffery M. Heftman
Vedder Price, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500
Fax:  (312) 609-5005

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 15, 2008, I electronically filed the foregoing **Defendants'**

**Memorandum in Support of Motion to Dismiss** with the Clerk of the Court using the CM/ECF

system and have served same on:


Samuel A. Schwartz, Esq.
3960 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169

via facsimile transmission and by depositing the same in the U.S. mail, first-class postage

prepaid, at 222 North LaSalle Street, Chicago, Illinois 60601-1003 by 5:00 p.m. on January 15,

2008.


_____s/ Jeffery M. Heftman _____